(No. 75-CV-6—)

JOSEPH HUTCHINSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 20, 1975.*

STEPHEN G. BAIME, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on May 3, 1974, at 3900 South Wells Street, Chicago, Illinois. Joseph Hutchinson, a victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, ch. 70, §71, et seq.* (hereinafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Joseph Hutchinson, age 37, 5916 South Hermitage, Chicago, Illinois, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Battery", (*Ill. Rev. Stat., 1973, Ch. 38, §12-3*).

2. That on May 3, 1974, the claimant was beaten by four assailants, three of which were identified as Ernest Plant, Sr., Ernest Plant, Jr., and Lamont Plant.

3. That statements taken by the police investigators shortly after the crime was committed present no evidence of any provocation by the claimant for the attack upon him.

4. That the victim sustained numerous injuries to his face, arms, fingers and a broken jaw for which he was hospitalized for seven days at Michael Reese Hospital. A

further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That one of the assailants, Ernest Plant, Sr., was convicted of Battery in the Cook County Criminal Court (Case #G464-636 and 7.) Lamont and Ernest Plant, Jr., were discharged, and the other assailant was never identified.

6. That there is no evidence that the victim and his assailants were related or were sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the claimant was unable to work from May 3, 1974, through June 3, 1974, a period of one month. The claimant has not received any compensation for his lost wages. His average monthly earnings for the six months prior to his injury were $1,400.00 per month. The maximum compensable income pursuant to the Crime Victims Compensation Act is $500.00 per month. Therefore, the claimant is eligible for $500 for one month, or $500.

9. That the claimant incurred hospital expenses which were partially reimbursed by Blue Cross/Blue Shield benefits. The gross amount of the pecuniary loss for these items is as follows:

```
Michael Reese Medical Center
2929 South Ellis
Chicago, Illinois ................................. $1,897.75
Total Medical Expense ............................ $1,897.75
Total Loss of Earnings ............................ 500.00
 ──────────
Gross Loss ...................................... $2,397.75
```

10. That, in determining the amount of compensation to which a claimant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act', or from local, governmental, State or Federal funds, or from any other source, (except annuities, pension plans, Federal social security benefits and net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

11. That in the claim before us, the claimant received Blue Cross benefits of $1,437.40 that may be deducted from his loss, as contemplated by §7(d) of the Act. When this amount plus the statutory deduction of $200 is deducted from the gross amount of loss ($2,397.75) as calculated in ¶8 and 9, an amount of compensable loss sustained by the claimant of $760.35 is left.

IT IS HEREBY ORDERED that the sum of $760.35 (SEVEN HUNDRED SIXTY DOLLARS AND THIRTY FIVE CENTS) be awarded from the Court of Claims fund to the claimant, Joseph Hutchinson, an innocent victim of a violent crime.